The scire facias set forth that Robert Graham died intestate in the year 1813 seized in fee simple of lands in Kent county, and leaving to survive him six children, two of whom, Celia and Jane, were daughters. Celia married Jackson Lafferty in 1816, and died prior to 1820, leaving to survive her said husband and also children who are now living. In 1820 or 1821 Jackson Lafferty married Jane, the other daughter of Robert Graham, both of whom are now alive and have children of this marriage. In 1822 the sheriff of Kent county under process of execution against Lafferty sold all his right in the lands of which Robert Graham had died seized, and of that right Benjamin Graham the cestui que use in the present action became the purchaser.
Proceedings were had in the orphans' court of Kent county to effect a division amongst the heirs of the real estate of which Robert Graham died seized, which, in consequence of the refusal of the heirs to accept the lands at the valuation, resulted in a sale being made of those lands under an order of court in 1834 at which James P. Wild the present deft. became the purchaser, and on the 19th of October 1834 they were assigned to him, and he on the same day entered into a recognizance in the orphans' court conditioned "to pay to the parties entitled severally their respective executors, administrators or assigns, their just and proportionable shares of the purchase money of the said lands." On this recognizance the present suit was instituted by Benjamin Graham to recover from Wild the one third of the purchase money secured by the said recognizance; that is, the share of Celia, being one sixth part; and also the share of Jane, being one other sixth part; and he rested his claim on the ground of his being the purchaser of Jackson Lafferty's rights in those lands under the sale made by the Sheriff, Lafferty's being at the time of *Page 500 
sale, and now, tenant by the curtesy of the share of Celia in those lands and also tenant by the curtesy initiate of Jane's share therein.
The question raised by the demurrer was, whether the assignee of atenant by the Curtesy (either consummate or initiate) acquires by his purchase of the husband's life estate or interest in the lands of the wife of which he is thus tenant, a right to sue for and recover from the recognizor the share of money due to the wife or in right of the wife, and which has been secured by recognizance in the orphans' court to be paid to the parties entitled, under a sale made by order of that court, and by which sale money has become substituted for the land of the intestate.
It was argued by Huffington for the plff. and Frame for deft.; and the court, after consideration and a curia advisare, decided in the negative.
Mr. Justice Black, delivered the opinion of the court at great length, going into a particular examination of the intestate law with a view to its construction on this point; and concluded by sustaining the demurrer and giving judgment for the deft.a
a This decision important as it was at the time, as giving for the first time a construction of the intestate law on this question, has been since rendered unimportant in its general application by a supplement to that law, passed on the recommendation of the judges at the special session in 1835. By that supplement (9 Del. Laws 6) tenants by the curtesy or in dower are entitled to such share of the appraised value, or proceeds of sales, of land appraised or sold by order of the orphans' court, as such tenant or dowress were entitled to in the land; and to receive the interest on such share during their lives; or to receive the principal, on entering into recognizance that the same shall be paid over, after their death, to the parties entitled according to the act to which this is a supplement.